The statutes pertaining to this matter are articles 2272, 2273, and article 2274, R. C. S. of Texas 1925, as amended by Acts 1927, c. 27, § 1 (Vernon's Ann. Civ. St. art. 2274).

■ It will be noted that article 2272, supra, provides in substance that in all cases carried by appeal or writ of error from the county or district court to the Court of Civil Appeals or to the Supreme Court in which a supersedeas bond shall be given, and such bond shall become insolvent, by reason of the insolvency of the surety thereon, or any other cause, upon proper showing the giving of an additional bond may be required. This article provides no particular procedure for the appellate court to follow in ascertaining the fact of insolvency. It follows that this court may adopt such methods as it sees fit to ascertain the facts.

Article 2273, supra, provides in substance that, if the new bond required by article 2272 is not filed within 20 days after the order is served, the court in which said appeal or writ of error is pending shall issue an order to the trial court directing or permitting the issuance of execution, etc. It is then provided that the appeal or writ of error shall not be dismissed, but continued on the docket as if the cause had been appealed or writ of error granted upon a cost bond, provided the clerk of the court in which the appeal or writ of error is pending is satisfied that the original bond is still sufficient when considered as a cost bond.

Article 2274, supra, provides in substance that, if the clerk considers the original supersedeas bond insufficient as a cost bond, then the appeal or writ of error shall be dismissed, unless the appellant or plaintiff in error within 20 days after notice served by the clerk that the said bond is deemed insufficient for the purpose of the cost bond, shall execute a new bond satisfactory to the clerk sufficient to secure the payment of the costs theretofore accrued or that might accrue thereafter in the further prosecution of the appeal or writ of error. This article further provides that the giving of said additional bond or bonds shall not release the liability of the sureties on the original supersedeas bond.

■ In the present case it seems that the Indemnity Company had no notice of the filing of the original motion to require a new bond until after it was acted on by the court, and a new bond required. It further appears, however, that the facts alleged in the motion are not controverted, but in substance admitted. Further the motion of the Indemnity Company makes no contention that it did not learn of the above order in time to comply with the same or that any different order should have been entered had it known thereof before its entry. Furthermore, no tender of a new supersedeas bond has ever been made, though it is conclusively shown that the attorneys for the Indemnity Company have had actual notice of the order of this court since some time between December 11, 1931, and December 16, 1931.

From the above it is evident that the motion filed by the Indemnity Company to set aside the order of this court of December 9, 1931, requiring a new supersedeas bond, presents no reason for the relief sought, and it is therefore overruled.

### GRIFFIS v. STATE.
### No. 15134.

Court of Criminal Appeals of Texas.
March 2, 1932.

Rehearing Denied April 6, 1932.

R. H. Beville and O. Ellis, both of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Upon trial for maiming, appellant was convicted of aggravated assault, and his punishment assessed at a fine of $250.

The record contains neither statement of facts nor bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.

MORROW, P. J., absent.

On Motion for Rehearing.

LATTIMORE, J.

Appellant moves for a rehearing on the ground that the judgment of the court below does not direct what the officers shall do in the event appellant fails to pay his fine and costs. The judgment directs that appellant shall be committed to jail until such fine and costs are fully paid. The statute directs what shall be done with him in the event he fails to pay said fine and costs after being committed to jail.

The motion for rehearing will be overruled.